■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN BELL, Appellant.—Judgment, Supreme Court, Bronx County (Irene J. Duffy, J.), rendered May 19, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of imprisonment of 3 to 9 years, unanimously affirmed.

Although it was improper for the prosecutor to question defendant's sister about whether she knew if defendant had ever used another name, there is no reason to assume that these few questions convinced the jury not only that defendant had used other names, but that he also had a criminal record, particularly since she answered that she had never known him to do so. Given the court's proper charge that questions alone are not evidence, and that the jury could not indulge in speculation, these few questions could not have had any impact on the jury's deliberations.

Defendant's contention that remarks by two prosecution witnesses on cross-examination deprived him of a fair trial is unpreserved, and, in any event, without merit. A fair reading of these remarks makes plain that they are not susceptible of the interpretation now ascribed to them by defendant. The

misstatement by the prosecutor in summation, to which defendant did not object, was immediately corrected *sua sponte* by the court. No further relief was requested, nor was any necessary *(People v Bergsma,* 170 AD2d 408, *lv denied* 77 NY2d 992). Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.